Jennifer Kristin COONS, a minor, by her next friends, Arnold A. COONS, Jr., and Cindy L. Coons, Appellant (Plaintiff Below),

v.

Carole KAISER, et al., Appellees (Defendants Below).

No. 46A04–9001–CV–5.[1]

Court of Appeals of Indiana, Third District.

March 13, 1991.

Rehearing Denied May 8, 1991.

Mark L. Phillips, Newby, Lewis, Kaminski & Jones, La Porte, for appellant.

Richard J. Darko, Sharon Funcheon Murphy, Lowe Gray Steele & Hoffman, Indianapolis, Patrick E. Donoghue, Sweeney, Dabagia, Donoghue & Thorne, Michigan City, for appellees.

1. This case was reassigned to this office on

STATON, Judge.

Jennifer Coons, by her next friend, appeals the dismissal of her complaint for failure to state a cause of action upon which relief may be granted. She presents us with the sole issue of whether an individual student may maintain an action for damages against teachers who participated in an illegal strike.

We affirm.

Teachers of the Portage Township Public School System participated in a work stoppage which necessitated the cancellation of regularly scheduled classes. The strike began on January 20, 1988. The following day, the Porter Superior Court issued a preliminary injunction ordering the teachers to return to work. The teachers returned to their classrooms on January 26, 1988.

During this time period, Jennifer Coons was enrolled as a first grade student in the Ethel Jones Elementary School in Portage Township. On January 22, 1988, Jennifer filed a complaint against the school teachers who were assigned to teach at the Ethel Jones Elementary School. Jennifer's complaint alleged that she had suffered educational deprivation and emotional distress because of the defendant teachers' actions. She sought compensatory and punitive damages. Jennifer's original complaint was dismissed on April 28, 1989.

On May 9, 1989, Jennifer filed an amended complaint alleging that she was deprived of educational instruction for a period of five days. Her amended complaint was dismissed on September 22, 1989, precipitating the instant appeal.

Judge Harper's Order of Dismissal set forth the following:

"In reviewing Defendants' Motion to Dismiss, the Court will take the facts alleged in the complaint to be true as they relate to the actions of the parties. Plaintiff's factual position is that the unlawful strike and the teachers' refusal to honor Judge Douglas' Injunction Order were illegal and in contravention of Indiana statutory law. Plaintiff con-

January 2, 1991.

tends that the actions of the teachers damaged Jennifer in that she sustained the loss of five or more days of school. Indiana Code Section 20–7.5–1–14 directly pertains to strikes by school employees. Section 20–7.5–1–14 provides as follows:

20–7.5–1–14. Strikes—(a) It shall be unlawful for any school employee, school employee organization, or any affiliate, including but not limited to state or national affiliates thereof, to take part in or assist in a strike against a school employer or school corporation.

(b) Any school corporation or school employer may, in an action at law, suit in equity, or other proper proceeding, take action against any school employee organization, any affiliate thereof, or any person aiding or abetting in a strike, for redress of such unlawful act.

(c) Where any exclusive representative engages in a strike, or aids or abets therein, it shall lose its dues deduction privilege for a period of one (1) year.

(d) No regulation, rule or law with respect to the minimum length of a school year shall be applicable or shall require makeup days in any situation where schools in a school corporation are closed as a result of a school employee strike. A school corporation shall not pay any school employee for any day when the school employee fails as a result of a strike to report for work as required by the school year calendar. (I.C. 20–7.5–1–14, as added by Acts 1973, P.L. 217, § 1.)

Ind.Code Ann. 20–7.5–1–14 (West 1988). The language of I.C. 20–7.5–1–14(b) confines the maintenance of any action against a school employee organization, any affiliate thereof, or any person aiding or abetting in a strike to 'Any school corporation or school employer.' Thus, while the Indiana General Assembly sought to promulgate a specific statute governing school strikes, it also explicitly confined the enforcement provision of the statute to the exclusion of private parties. A basic principle of statutory construction is that in construing a statute the intent of the legislature must be given effect. *Marsym Development Corp. v. Winchester Economic Development Commission*, 447 N.E.2d 1138, (Ind.Ct.App.1983). As the Court in *Marsym* noted: 'The legislature's intent must primarily be determined from statutory language and it is our duty to give effect to the plain and ordinary meaning of the language used in the statute.' *Id.* Furthermore, as stated by the United States Supreme Court, another frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. 'When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.' *National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 459, 94 S.Ct. 690, 693–94, 38 L.Ed.2d 646 (1974) (citing *Botany Worsted Mills v. United States*, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379 (1929)).

The Supreme Court has also noted that 'the inference of such a private cause of action not otherwise authorized by the statute must be consistent with the evident legislative intent and, of course, with the effectuation of the purposes intended to be served by the Act.' *Id.* 414 U.S. at 458, 94 S.Ct. at 693. In the case at bar, the language of the statute is clear. There is no legislative history or other evident intent contradicting its mandate. Thus, given the express language of I.C. 20–7.5–1–14, which includes a specific enforcement provision, an additional private cause of action based upon the statute cannot be judicially inferred. This result is consistent with principles of statutory construction as articulated by both the Indiana and the U.S. Supreme Court.

This Court recognizes that courts in various jurisdictions, including Indiana, have dealt with the issue of private causes of action stemming from public

employee strikes. None of these cases, however, have involved an issue identical to the case at hand. As a general proposition, cases involving this type of issue rest on three basic theories. Note, *Private Damage Actions Against Public Sector Unions for Illegal Strikes*, 91 Harv.L.Rev. 1309, 1312 (1978). These three theories may be broken down as follows:

First, the statutory prohibition against such strikes may provide the basis for the implication of a cause of action in order to further the policies underlying antistrike legislation. Second, a strike may be considered a breach by the union of its contract with the public employer, usually a municipality, and the public's position as an intended beneficiary of that contract may thus give individual citizens a cause of action under the third party beneficiary doctrine of the law of contracts. Third, the effect of an illegal strike may be such that the strike constitutes a public nuisance actionable by private citizens. *Id.* at 1312.

Because there is a statute directly addressing the question at bar, the second and third theories mentioned above are inapplicable. Likewise, the first theory mentioned is inapplicable because the express language of the statute, as previously mentioned, precludes the implication of any cause of action. As one author has stated:

> If there was a clear expression of the legislature's intent, in either the statute or its legislative history, to permit or preclude a private cause of action for a violation of the statute, then such a directive is of course determinative of the question.

*Id.* at 1313. And, as another commentator specifically commenting upon the statute involved herein has noted:

> The explicit language of the Act provides standing only for school corporations or school employers. It grants no standing to taxpayers, members of the general public or, as where involved in this case, parents of school children to bring such an action.

Archer, *Labor Law, Survey of Recent Developments in Indiana Law*, 14 Ind. L.Rev. 413, 416 (1981). Therefore, as previously concluded, the express language of the statute is determinative of the question involved herein and the Plaintiff cannot be found to have a cause of action.

Strikes by public employees in Indiana are illegal. *Boyle v. Anderson Fire Fighters Ass'n.*, 497 N.E.2d 1073, 1080 (Ind.Ct.App.1986). Section 20–7.5–1–14 of the Indiana Code specifically provides that strikes by school employees are illegal. In 1986, the Indiana Court of Appeals decided *Boyle v. Anderson Fire Fighters Association.* While the *Boyle* decision permitted the maintenance of a cause of action against striking firefighters for damage to property destroyed by fire, the case is readily distinguishable from the case at bar. There is no statute in Indiana regulating strikes by firefighters similar to section 20–7.5–1–14. In analyzing other decisions from across the country regarding the issue, the *Boyle* court specifically noted the following:

> The Strikers contend that these cases establish the rule that damages resulting from an illegal strike by public employees cannot be recovered because there is no cause of action in tort. But these cases do not stand for such a sweeping proposition. For example, the *Lamphere [Schools v. Lamphere Fed'n of Teachers*, 400 Mich. 104, 252 N.W.2d 818 (1977)] *Jamur [Productions Corp. v. Quill*, 51 Misc.2d 501, 273 N.Y.S.2d 348 (1966)] and *Burke & Thomas [, Inc. v. International Organization of Masters, Mates & Pilots*, 92 Wash.2d 762, 600 P.2d 1282 (1979)] decisions concluded that no private right of action was available because a comprehensive statute statute [sic] dealing with strikes by public employees did not provide for a private remedy. In light of the statutes, the court in each case concluded that the creation of a private remedy for those injured by striking public employees was a subject for the legislature, not the court.

*Boyle v. Anderson Fire Fighters Ass'n,* 497 N.E.2d 1073, 1082 (Ind.Ct.App.1986). Therefore, this subject is properly one for the legislature. The legislature has acted in Indiana regarding the issue of teacher strikes by enacting a specific statute dealing with such strikes. The statute contains a specific endorsement provision which should not be circumvented by the courts. The Indiana General Assembly's efforts to balance the difficult issues surrounding teacher strikes in Indiana and the promotion of peace within the public education forum are both commendable and deserving of judicial recognition.

CONCLUSION:

The law in Indiana regarding teachers strikes is specifically contained within section 20–7.5–1–14 of the Indiana Code. The General Assembly has provided in I.C. 20–7.5–1–14 that "Any school corporation or school employer" may maintain a cause of action against striking teachers. Because the Court will not infer a private cause of action in this case in the face of the statute, the Plaintiff's action is not maintainable. The Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Trial Rule 12(B)(6). Therefore, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint should be, and is granted."

Record, pp. 161–165.

The dismissal of Jennifer's complaint rested upon the trial court's finding that she lacked standing under I.C. 20–7.5–1–14. Jennifer contends that the trial court erroneously concluded that I.C. 20–7.5–1–14 is a comprehensive statute providing the exclusive remedy for damages proximately caused by an illegal teachers' strike. She argues that I.C. 20–7.5–1–14 supplemented the common law by promulgating a new remedy for an old right, thus providing cumulative remedies. *Barnett v. Van Meter* (1893), 7 Ind.App. 45, 33 N.E. 666; *Lang v. Scott* (1825), 1 Blackford 405.

In support of her argument that the teachers committed a common law tort having a common law remedy, Jennifer cites

*Boyle v. Anderson Fire Fighters Association* (1986), Ind.App., 497 N.E.2d 1073 and *Caso v. District Council 37, Etc.* (1973), 43 A.D.2d 159, 350 N.Y.S.2d 173. In *Boyle,* property owners sued firefighters who refused to assist while plaintiffs' property was destroyed by fire during an illegal strike. The court observed that the defendant firefighters committed a criminal act by interfering with firemen attempting to perform their duties. No statute providing civil remedies for damages caused by a firefighters' strike had been enacted. The court recognized a private cause of action against the firefighters to recover damages caused by their active interference with responding firefighters. In so doing, the court distinguished a line of cases which held that no private right of action was available because a comprehensive state statute dealing with strikes by public employees did not provide for a private remedy. *Boyle, supra,* at 1082. As a statute providing remedies for teachers' strikes in Indiana has been enacted by our legislature, and fails to provide for a private right of action thereunder, the strike precipitating Jennifer's claims must be distinguished from that in *Boyle.*

In *Caso,* plaintiffs sued to recover damages from employees of the City of New York whose illegal strike resulted in raw sewage polluting the plaintiffs' property. The plaintiffs were permitted to maintain a cause of action independent of legislation setting forth remedies available against illegally striking public employees. The court noted the "compelling circumstances" created by the deluge of raw sewage into Long Island Sound, i.e., potential irreparable environmental damage and endangerment of the "lives and health of millions of persons." *Caso, supra,* 350 N.Y.S.2d at 177. In contrast to the cause of action in nuisance present in *Caso,* Jennifer's claim of educational deprivation does not present us with an established tort claim which should be recognized independent of legislation.

In determining whether a complaint should be dismissed for failure to state a claim, facts alleged in the complaint must be taken as true. Dismissal is appropriate

only where it appears that under no set of facts could plaintiffs be granted relief. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275. Therefore, we assume that Jennifer was denied educational instruction for a period of five days and that such deprivation was proximately caused by the named teachers' conduct.

Nevertheless, it appears that Jennifer would be unable to recover monetary damages directly from the defendant teachers on any theory. Our General Assembly has expressly provided remedies for an illegal teachers' strike. Where the legislature has directly and comprehensively addressed an area of law, our appropriate role is that of judicial restraint, as is clearly described in the trial court's articulate and well-reasoned opinion, *supra*. Jennifer asks that we infer the existence of a private cause of action conceived in the common law and surviving the enactment of I.C. 20–7.5–1–14(b). However, she has asserted no established common law right of action, nor does she rely upon a statutory remedy providing for a private cause of action for a deprivation of a constitutional right.

Affirmed.

MILLER, P.J., and CHEZEM, J., concur.