Kathleen AIGNER, Appellant–Plaintiff,

v.

CASS SCHOOL TOWNSHIP OF LAPORTE COUNTY, Indiana, Appellee–Defendant.

No. 75A03–9012–CV–548.

Court of Appeals of Indiana, Third District.

Sept. 16, 1991.

Rehearing Denied Nov. 27, 1991.

Richard J. Darko and Mary Jane La-Pointe, Lowe Gray Steele & Hoffman, Indianapolis, for appellant-plaintiff.

William F. Satterlee, III, F. Joseph Jaskowiak and Heidi B. Jark, Hoeppner Wagner & Evans, Valparaiso, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff Kathleen Aigner (Aigner) appeals the judgment of the Starke Circuit Court upholding the decision of the trustee of the Cass School Township (School) to terminate her permanent teacher contract.

The facts relevant to the appeal disclose that Aigner was employed by the School as a permanent third-grade teacher during the 1985–86 school year. On April 17, 1986, the School served Aigner with a notice of consideration of cancellation of her contract. At Aigner's request, a hearing was held before the trustee of the School on August 28–29, 1986. On September 16, 1986, the trustee cancelled Aigner's contract with the School. The trustee's findings of fact and conclusions of law listed the following reasons for cancellation: (1) Aigner's failure to comply with the reporting requirements of the child abuse statute; (2) Aigner's failure to maintain discipline in her classroom; (3) Aigner's failure to file lesson plans in a timely manner; (4) Aigner's tardiness at faculty meetings;

and (5) Aigner's failure to educate her students adequately.

Aigner applied to the Indiana Employment Security Division (now the Indiana Department of Employment and Training Services) for unemployment benefits. On November 10, 1986, a deputy with the Indiana Employment Security Division determined that Aigner was eligible for unemployment benefits because her termination was without just cause. The School appealed the deputy's decision, and a hearing was held before an appeals referee on December 9, 1986. On January 13, 1987, the referee issued findings of fact and conclusions of law affirming the deputy's decision. The School did not appeal the decision of the referee.

On September 8, 1988, Aigner filed a complaint against the School seeking reinstatement, back pay, and damages. Aigner amended her complaint on February 17, 1989, and filed a motion for summary judgment on December 19, 1989. The court held a hearing on the motion for summary judgment on March 16, 1990. On August 23, 1990, the court issued findings of fact and conclusions of law denying the motion for summary judgment and affirming the trustee's decision to cancel Aigner's contract. This appeal ensued.

Aigner raises three issues for our review:

(1) whether the trial court was collaterally estopped from reviewing the issue of whether Aigner was fired without just cause;

(2) whether the trial court erred in finding that substantial evidence supported the trustee's decision to terminate Aigner's employment with the School; and

(3) whether the trial court erred in finding that Aigner did not have a cause of action for breach of contract.

■ Aigner claims the trial court was collaterally estopped from reviewing the issue of whether she was fired without just cause because the appeals referee who determined her eligibility for unemployment benefits decided the issue in her favor. However, as the School notes, the referee did not make the initial determination of that issue. Rather, the trustee in charge of the hearing on the cancellation of Aigner's contract made the initial determination.[1] As our Supreme Court noted in *McClanahan v. Remington Freight Lines* (1988), Ind., 517 N.E.2d 390, 394: "collateral estoppel applies where a particular issue is adjudicated and then put in issue in a *subsequent* suit on a different cause of action between the same parties or their privies. [Emphasis supplied.]" Consequently, the trial court was not collaterally estopped from reviewing the issue of whether Aigner was fired without just cause.[2]

■ Next, Aigner contends the trial court erred in finding that substantial evidence supported the trustee's decision to terminate her employment with the School. In reviewing a school board decision, this Court stands in the same position as does the trial court; that is, our review is limited to determining whether the board followed the proper procedures and whether there was substantial evidence to support the board's decision. *Hinkle v. Garrett–Keyser–Butler Sch. D.* (1991), Ind.App., 567 N.E.2d 1173, 1176. Under the substantial evidence standard, this Court may not review the weight and effect of the evidence upon which the administrative decision is based. *Id.* This Court may vacate a school board's decision only if the evidence, when viewed as a whole, demonstrates that the board's decision is clearly erroneous. *Stewart v. Fort Wayne Community Schools* (1990), Ind., 564 N.E.2d 274, 278.

At the two-day hearing on the cancellation of Aigner's contract, the principal and Aigner herself testified that Aigner had failed to report a suspected case of child

---

1. The trustee issued his findings of fact and conclusions of law on September 16, 1986, whereas the referee issued his findings of fact and conclusions of law on January 13, 1987.

2. This Court does not mean to imply with this ruling that the trial court would have been collaterally estopped if the referee rather than the trustee had made the initial determination. That issue was not before this Court; therefore, we are not addressing it.

abuse "immediately" as required by IND. CODE § 31–6–11–4 (1988 Ed.). The principal and several teachers also testified that Aigner was unable to control or discipline her class and that she frequently placed students in the hallway without supervision. The principal further testified that Aigner was late for faculty meetings and failed to submit lesson plans in a timely manner. As the trial court noted in its findings of fact and conclusions of law, the evidence, at a minimum, showed insubordination, incompetency, and other good and just cause for Aigner's dismissal. *See* IND.CODE § 20–6.1–4–10 (1988 Ed.). The trustee's decision survives the substantial evidence test.

 Lastly, Aigner maintains the trial court erred in finding that she did not have a cause of action for breach of contract. IND.CODE § 20–6.1–4–12 (1988 Ed.) sets forth the discharge and contract rights of permanent and semi-permanent teachers as follows:

"(a) A permanent teacher who holds an indefinite contract under section 9 of this chapter may not be discharged or have his contract canceled except as provided in sections 10 and 11 of this chapter. A semi-permanent teacher who holds an indefinite contract under section 9.5 of this chapter may not be discharged or have his contract cancelled except as provided in sections 10.5 and 11 of this chapter.

(b) Each school corporation and its proper officers shall retain each permanent or semi-permanent teacher until his indefinite contract is properly terminated.

(c) If subsection (a) or (b) of this section is violated, the permanent or semi-permanent teacher may bring an action in the nature of mandate as provided by law against the proper officers of the school corporation for an order requiring them to reinstate the teacher and restore him to full rights as a permanent or semi-permanent teacher."

The language of subsection (c) of the statute requires an action for reinstatement of a tenured teacher to proceed "in the nature of mandate as provided by law." As this

Court noted in *Coons by Coons v. Kaiser* (1991), Ind.App., 567 N.E.2d 851, 852: "[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." The trial court did not err in finding that administrative review of Aigner's termination hearing was her only remedy.

 In its answer to the complaint and in its appellate brief, the School raises the affirmative defense of statute of limitations. However, as the School notes, IND. CODE § 20–6.1–4–1 *et seq.*, the Teacher Tenure Act, does not specify a statute of limitations for challenging a termination decision. Consequently, this Court must look to the general statute of limitations for actions upon written contracts for the payment of money. IND.CODE § 34–1–2–2(5) (1988 Ed.) provides a six-year statute of limitations for such actions commencing after August 31, 1982. Because Aigner filed her complaint less than two years after the termination decision, the statute of limitations does not bar her claim.

The judgment of the trial court is affirmed.

GARRARD and STATON, JJ., concur.