Milan **STULAJTER**, Appellant–
Plaintiff,

v.

**HARRAH'S INDIANA CORPORATION,**
Appellee–Defendant.

No. 45A05–0311–CV–572.

Court of Appeals of Indiana.

May 20, 2004.

Elihu D. Feustel, Rowe & Rowe, South Bend, IN, Attorney for Appellant.

Harold G. Hagberg, Matthew D. LaTulip, Hagberg, Mullen, LaTulip, P.A., Schererville, IN, David O. Stewart, Kelly B. Kramer, Ropes & Gray LLP, Washington, DC, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Milan Stulajter appeals the trial court's dismissal of his complaint against Harrah's Indiana Corporation (Harrah's). In his complaint, Stulajter claimed that Harrah's breached its statutory duty by sending him marketing materials and admitting him to its casino after he placed himself on the casino's voluntary self-exclusion list. Because we conclude that a violation of Indiana gaming regulation does not give rise to a private cause of action, we affirm the trial court's decision.

## FACTS AND PROCEDURAL HISTORY

Harrah's operates gambling establishments in Indiana. Stulajter is a self-described compulsive gambler with a gambling addiction. *Appellee's Appendix* at 2. On April 15, 2001, Stulajter executed and filed with Harrah's a Permanent Self–Exclusion Request and Release which acknowledged that he was a problem gambler and voluntarily wanted to be permanently excluded from all Harrah's, Showboat, and Rio branded casino/hotels ... *Id.* at 4. The exclusion form also stated that it was irrevocable. Thereafter, Harrah's sent Stulajter marketing material directed toward persuading him to visit its casino. Stulajter then visited Harrah's casino on multiple occasions to gamble and lost approximately $70,000.

Stulajter filed a complaint with the Lake Superior Court claiming that Harrah's was negligent for failing to prevent him from gambling and incurring losses. Harrah's

filed a motion to dismiss Stulajter's complaint. After a hearing, the trial court granted the motion. Stulajter now appeals.

## DISCUSSION AND DECISION

■ Stulajter appeals the trial court's dismissal of his complaint under Ind. Trial Rule 12(B)(6) against Harrah's. The grant or denial of a motion to dismiss turns only on the legal sufficiency of the claim and does not require determinations of fact. *Sims v. Beamer*, 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). When the trial court's judgment depends on an interpretation of a statute, review of that judgment is a question of law. *In re Adoption of T.J.F.*, 798 N.E.2d 867, 871 (Ind.Ct.App.2003). Therefore, we apply a de novo standard to review Stulajter's appeal from the trial court's grant of Harrah's motion to dismiss for failure to state a claim. *Mathews v. Hansen*, 797 N.E.2d 1168, 1171 (Ind.Ct. App.2003).

Stulajter claims in his complaint that he has a private right of action against Harrah's for its alleged violation of a statutory duty to maintain and honor the self-exclusion list required by Indiana gaming regulations. Thus, the threshold question is whether Stulajter has a right to bring a private cause of action under these circumstances.

■ To determine whether an individual has the right to a private cause of action for the violation of a statute, a court must first look at legislative intent. *City of Muncie v. Peters*, 709 N.E.2d 50, 56 (Ind. Ct.App.1999). We have consistently held that a private cause of action will not be found where the legislature has expressly provided for enforcement of the statute. *See Right Reason Publ'ns v. Silva*, 691 N.E.2d 1347, 1352 (Ind.Ct.App.1998) (declining to recognize private cause of action for violation of criminal statute); *Holvoet v. State*, 689 N.E.2d 469, 472 (Ind.Ct.App. 1997) (rejecting contention that statute creates right of action for private citizen to request that the court convene grand jury); *Walling v. Appel Serv. Co., Inc.*, 641 N.E.2d 647, 652 (Ind.Ct.App.1994) (declining to recognize private cause of action for violation of IC 13–7–4–1); *Coons by Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind.Ct. App.1991) (holding that student could not maintain action for damages against teachers who participated in an illegal strike).

In this case, the statutes that Stulajter claims Harrah's violated involve the regulation of riverboat gambling and expressly delegate authority for enforcement of the statutory provisions to the Indiana Gaming Commission (Commission). The Indiana legislature created the Commission and empowered it to adopt rules for the regulation of the gaming industry. The Commission is charged with providing for the prevention of practices detrimental to the public interest and providing for the best interests of riverboat gambling. IC 4–33–4–2(3). IC 4–33–4–2(5) authorizes the Commission to impose penalties for noncriminal violations of this article. IC 4–33–4–3(a)(5) specifically includes the levy and collection of penalties for noncriminal violations of statute as one of the Commission's mandates. That statute also requires the Commission to create a voluntary exclusion program, in which a person may agree to refrain from entering any establishment under the Commission's jurisdiction. IC 4–33–4–3(c) sets out voluntary exclusion program requirements and provides [t]hat an owner of a facility under the jurisdiction of the commission shall make *all reasonable attempts as determined by the commission* to cease all direct marketing efforts to a person participating in the program. IC 4–33–4–3(c)(6) (emphasis added).

Furthermore, the Commission has created rules and regulations for the gaming industry, which are included in Indiana Administrative Code Title 68. Article six specifically establishes rules for exclusion and eviction from a casino. *See* IND. ADMIN. CODE tit. 68, r.6–1–1 *et seq.* (2002); IND. ADMIN. CODE tit. 68, r. 6–2 *et. seq.* The general provisions section states [e]ach riverboat licensee shall have in place criteria for evicting persons and placing persons on its eviction list ... the eviction criteria shall include the following behavior ... (5) A person requests that his or her own name be placed on the riverboat licensee's eviction list. 68 IAC 6–2–1.

Stulajter claims that the statutes give rise to a private cause of action in this case because the harm is to an individual and not the public at large. We disagree with Stulajter's assertion that a private individual has the right to bring a cause of action for the failure to comply with the self-exclusion list requirement because the harm is a private injury instead of a general public injury. *Appellant's Reply Brief* at 6. The duty to determine the requirements of and enforce the voluntary exclusion program rests with the Commission. IC 4–33–4–3(a)(5); IC 4–33–4–3(c). Therefore, proper enforcement of IC 4–33–4–3 is through the Commission and not a private cause of action. *See Coons by Coons,* 567 N.E.2d at 852. If the legislature intended to create a right to a private cause of action under the Commission rules for riverboat gambling, it could have included such a provision. Because it did not do so, we conclude that Stulajter does not have the right to bring a private cause of action based on a violation of the self-exclusion program rules. If Harrah's is in violation of any of the stated statutory provisions, it must answer to the Commission, not a private citizen claiming harm from the alleged violation.

Gaming is a regulated industry. The legislature created the Commission and gave it the power to enact comprehensive regulations governing the operation of gaming facilities in Indiana and the power to enforce the regulations and penalize noncompliance. The legislature has not enacted provisions that make a casino operator liable for failing to find and evict a patron on its self-exclusion list before that patron gambles money in its casino. Instead, the legislature expressly provided that the standard of reasonableness for adherence to provisions of a voluntary exclusion program was to be determined by the Commission. *See* IC 4–33–4–3. We conclude that Indiana's gaming statutes and regulations do not create a private cause of action to protect compulsive gamblers from themselves.

Our conclusion today comports with the court's opinion in *Merrill v. Trump Indiana, Inc.,* 320 F.3d 729, 732 (7th Cir. 2003), in which a federal court applying Indiana law determined that a casino operator does not owe a duty to protect compulsive gamblers from themselves. The court noted that Indiana law does not recognize the existence of a duty between a tavern proprietor and its patrons and stated, Indiana law does not protect a drunk driver from the effects of his own conduct, and we assume that the Indiana Supreme Court would take a similar approach with compulsive gamblers. *Id.*

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.