**Jesse S. McCOWN, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A05–0710–CR–556.

Court of Appeals of Indiana.

July 22, 2008.

---

12. We note that written notice was given to Stafford before the commencement of the tri- al.

Bruce W. Graham, Graham Law Firm P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Jesse S. McCown appeals his convictions, after a bench trial, for two counts of class D felony failure to register as a sex offender.[1]

We affirm the convictions and remand for proper enhancement of the habitual offender charge.

---

1. When McCown committed these offenses, the statute was codified at Indiana Code section 5–2–12–9. The statute was repealed in 2006 and is currently codified at Indiana Code section 11–8–8–17.

## ISSUE

Whether the trial court erred in denying McCown's motion to dismiss the underlying charging informations.

## FACTS

In 1985, McCown had sexual intercourse with a fourteen-year-old female on multiple occasions. On May 28, 1986, he was charged with one count of class C felony child molesting, and one count of class D felony child molesting. McCown pled guilty to both offenses, and on May 1, 1987, the trial court imposed consecutive six- and two-year terms of incarceration. The six-year sentence was ordered served in the Department of Correction ("DOC"), and the two-year sentence was to be served in an inpatient facility for drug and alcohol rehabilitation. After the application of credit time, McCown completed the six-year term on April 10, 1989, and was discharged to serve his two-year commitment. On April 10, 1990, McCown was released to parole, and his sentence was discharged on April 10, 1991.

In 1994, the General Assembly enacted Zachary's Law, under which probationers and parolees who had been convicted of child molesting were required to register as sex offenders. P.L. 11–1994 § 7. For a time, only those persons who had been convicted of child molesting after June 30, 1994, were required to register; however, in amendments made effective on July 1, 2001, the General Assembly required all persons who *had* been convicted of child molesting, regardless of the age or date of the conviction, to register with local law enforcement for a period of ten years. P.L. 33–1996 § 2; P.L. 238–2001 §§ 4–5, 13.

In February of 2000, McCown had been sentenced to serve an eight-year sentence on a forgery conviction. He served a portion of his sentence in the DOC until November 10, 2001, when he was released to serve a term of probation. Upon McCown's release, DOC officials provided him with a Notification of Obligation to Register with Law Enforcement Authorities as a Sex Offender form ("State Form 46656"), informing him that within seven days of his release, he was required to register as a sex offender with local law enforcement officials in the area in which he intended to reside. McCown informed the DOC authorities that he would reside at 1111 Potomac Avenue in Lafayette, Indiana.

McCown violated the terms of his probation on November 11, 2001, and the trial court revoked his two-year probation term and returned him to the DOC to serve his suspended sentence. Upon McCown's release on June 11, 2003, the DOC again provided him with State Form 46656. McCown, at this time, informed the DOC officials that he would reside at 2226 Perrine Street in Lafayette, Indiana.

On February 3, 2004, after being convicted of class D felony theft and being an habitual offender, McCown was sentenced to a six-year sentence in the DOC, with three years suspended to probation. On July 19, 2005, just before McCown was to be released from incarceration, the DOC again advised him that he was required to register as a sex offender and provided him with State Form 46656. McCown informed the DOC officials that he would reside at 2226 Perrine Street in Lafayette, Indiana.

On December 13, 2006, Tippecanoe County Sheriff's Detective Greg Haltom, coordinator of the Tippecanoe County Sex Offender Registry, attempted to verify that McCown resided at the Perrine Street address in Lafayette, Indiana. When Detective Haltom arrived at the residence, he discovered that it was abandoned. Detective Haltom eventually found McCown

sleeping in a stairwell at 625 Oregon Street in Lafayette without any personal identification on his person. McCown informed Detective Haltom that he had not lived at the Perrine Street address in approximately ten months. Detective Haltom placed McCown under arrest.

On January 8, 2007, the State charged McCown with two counts of class D felony failure to register as a convicted sex offender. On March 5, 2007, McCown filed a motion to dismiss and memorandum of law, wherein he alleged, in relevant part, that he was no longer required to register because his ten-year registration period had already expired. The State filed its reply on March 20, 2007. The State amended the charging information and added count III, failure to possess proper identification, as a class A misdemeanor;[2] and count IV, that McCown was an habitual offender.[3] On March 22, 2007, the trial court conducted a hearing on McCown's motion to dismiss, took the matter under advisement, and on April 26, 2007, denied the motion.

■ McCown was tried before the bench on May 1, 2007. At the start of the trial, he renewed his motion to dismiss. The trial court heard the parties' evidence and took the matter under advisement, and subsequently found McCown guilty of counts I, II, and III. On May 24, 2007, the trial court heard evidence on count IV, the habitual offender charge, and found McCown to be an habitual offender. At McCown's sentencing hearing on August 6, 2007, the trial court merged counts I and II, and dismissed count III. It then imposed a three-year term on count I, and a four and one-half year sentence on count IV, to be served *concurrently*[4] for an aggregate sentence of four and one-half years.

## DECISION

■ McCown argues that the trial court erred in denying his motion to dismiss the State's charging informations alleging that he had failed to register as a sex offender. He acknowledges that he was required to register as a sex offender for a ten-year period, but maintains that his obligation to register began after his child molesting sentences were discharged, and terminated, by operation of law, ten years later-long before the dates asserted in the State's charging information. He argues,

[A]s evidenced by the Sentencing Order of May 1, 1987, McCown was sentenced to an eight (8) year total sentence. He

2. Indiana Code § 11–8–8–15(a) provides that sex or violent offenders who reside in Indiana must obtain and keep in their possession either a valid Indiana driver's license or a valid Indiana identification card.

3. I.C. § 35–50–2–8.

4. In light of the following holding by our supreme court, the trial court's imposition of a separate sentence on count IV, the habitual offender count, is error.

A habitual offender finding does not constitute a separate crime nor result in a separate sentence, but rather results in a sentence enhancement imposed upon the conviction of a subsequent felony. In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced. However, a habitual offender finding is merely a jury's determination that, following a defendant's conviction for one or more felonies, the defendant has, in addition, accumulated two prior unrelated felony convictions. IND.CODE § 35–50–2–8(d) (1996). In the case of a habitual offender proceeding following multiple convictions, the jury finding of habitual offender status is not linked to any particular conviction. See generally IND.CODE § 35–50–2–8 (1996).
*Greer v. State*, 680 N.E.2d 526, 527 (Ind.1997) (some internal citations omitted).

had more than one year of credit time at the date of his sentencing. By no stretch of the imagination could his ten (10) year period for registration have started after May 1, 1994. Thus, McCown's duty to register would have expired on, or before, May 1, 2004. The earliest date alleged in either Amended Count I, or Amended Count II, is October 1, 2005, a date which exceeds the expiration of the ten (10) year registration period for McCown. Because McCown was under no duty to register as of May 1, 2004, none of the criminal allegations filed by the State are sustainable.

McCown's Br. at 8.

 We first note our standard of review. Generally, we review the denial of a motion to dismiss for an abuse of discretion; however, when the trial court's judgment depends on interpretation of a statute, review of that judgment is a question of law. *Stulajter v. Harrah's Indiana Corp.*, 808 N.E.2d 746, 748 (Ind.Ct.App. 2004). We evaluate questions of law under a *de novo* standard and owe no deference to the trial court's determinations. *Id.*

 The State argues that given the plain language of the sex offender registration statutes, McCown's ten-year registration period could not have begun before the duty to register as a sex offender had attached to him. We agree and turn to our rules of statutory interpretation.

The primary goal in interpreting the meaning of a statute is to determine and effectuate the legislative intent. To determine legislative intent, courts must consider the objectives and the purposes of the statute in question and the consequences of the statute's interpretation. We look to the plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech.

*James v. State*, 755 N.E.2d 226, 230 (Ind. Ct.App.2001).

In 1994, the General Assembly enacted Zachary's Law, which required probationers and parolees who had been convicted of child molesting to register as sex and violent offenders. For a short period, only those persons who had been convicted of child molesting after June 30, 1994 were required to register. P.L. 33–1996 § 2. However, in subsequent amendments made effective on July 1, 2001, the General Assembly required all persons who had been convicted of child molesting, regardless of the age or date of the conviction, to register with local law enforcement for a period of ten years. P.L. 33–1996 § 2; P.L. 238–2001 §§ 4–5, 13. Failure to so register was punishable as a class D felony. As a result, for a number of Indiana residents, including McCown—who was convicted on May 1, 1987—the 2001 amendments created an entirely new obligation to register as sex offenders.

Specifically, the statutory amendment to Indiana Code section 5–2–12–4, *effective July 1, 2001*, defined as "sex and violent offenders," all persons convicted of child molesting, *regardless of the age or date of the conviction*. P.L. 238–2001 § 4. In addition, the statutory amendment to Indiana Code section 5–2–12–5, also *effective July 1, 2001*, provided, in pertinent part, the following:

(a) Subject to section 13 of this chapter, the following persons must register under this chapter:

(1) A sex and violent offender who resides or intends to reside for more than seven (7) days in Indiana.

* * *

(b) A sex and violent offender who resides or intends to reside in Indiana shall register with each local law

enforcement authority having jurisdiction in the area where the sex and violent offender resides or intends to reside.

\* \* \*

(e) A sex and violent offender shall register on a form or in the form prescribed or approved by the institute. Each local law enforcement authority shall make the required forms available to registrants.

(f) The sex and violent offender shall register not more than seven (7) days after the sex and violent offender arrives at the place where the sex and violent offender is required to register. . . .

P.L. 238–2001 § 5. Lastly, the statutory amendment to Indiana Code section 5–2–12–13, *effective July 1, 2001,* provided in pertinent part, the following:

(a) Except as provided in subsections (b) and (c), a sex and violent offender's duty to register expires ten (10) years after the date the sex and violent offender:

\* \* \*

(2) is released from a penal facility (as defined in IC 35–41–1–21) of a state or another jurisdiction;

(3) is placed in a community transition program;

(4) is placed in a community corrections program;

(5) is placed on parole; or

(6) is placed on probation; whichever occurs last.

P.L. 238–2001 § 13.

The record reveals that on three occasions, McCown, who had previously been convicted of child molesting, informed the DOC officials that he intended to reside in Lafayette, Indiana, upon his release from incarceration. According to the plain language of the foregoing amendments to the sex offender registry statutes, which clearly took effect on July 1, 2001, McCown was required to register as a sex offender within seven days of his release from incarceration and/or placement on probation, and upon his arrival at his intended place of residence in Lafayette, Indiana, in Tippecanoe County.

On the effective date of the aforementioned amendments, McCown was incarcerated in a penal facility on an eight-year forgery conviction. On November 10, 2001, he was released to serve a term of probation. Pursuant to Indiana Code sections 5–2–12–13(a)(2) and -(6)—which address a sex and violent offender's duty to register for ten years after release from a penal facility and placement on probation, respectively—McCown's ten-year registration period therefore began on November 10, 2001, and he was required to register as a sex and violent offender with the Tippecanoe County Sex Offender Registry within seven days of that date. McCown failed to do so, and was therefore, properly charged with failure to register as a sex offender.

Accordingly, we wholly reject McCown's contention that his duty to register began, at the latest, on May 1, 1994, and expired on or before May 1, 2004. The State contends, and we agree, that "it is nonsensical to suggest that the ten-year registration period began before the duty to register was imposed." State's Br. at 6. Simply stated, statutory amendments made effective on July 1, 2001, rendered the registration requirement applicable to McCown. Because McCown was incarcerated in a penal facility on the effective date of the statute, his ten-year duty to register was triggered upon his release therefrom and subsequent placement on probation on November 10, 2001. McCown failed to regis-

ter within seven days as required by statute, and was therefore, properly charged with class D felony failure to register as a sex offender. We find no error in the trial court's denial of his motion to dismiss the State's charging informations.

We affirm and remand for proper enhancement of the habitual offender charge.[5]

NAJAM, J., and BROWN, J., concur.

---

**5.** The record reveals that after McCown had completed his sentences for child molesting conviction on April 10, 1991, he was subsequently convicted of additional, unrelated crimes and sentenced to at least two more terms of incarceration in the Department of Correction. We leave for another day the question of whether the General Assembly contemplated a sexual offender registry scheme under which a defendant's ten-year duty to register may be subsequently renewed or extended when the defendant is repeatedly incarcerated during the mandatory registration period, having failed to live a crime-free life for a period of ten years.