

**FILED**

Dec 29 2016, 9:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Brian A. Karle | Gregory F. Zoeller |
| Ball Eggleston, PC | Attorney General of Indiana |
| Lafayette, Indiana | |
| | Tyler G. Banks |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William M. Starcher, | December 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 79A05-1605-CR-1135 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, | The Honorable Laura W. Zeman, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 79D04-1506-F6-110 |

**Najam, Judge.**

## Statement of the Case

[1]     William M. Starcher appeals his two-year sentence after he pleaded guilty, pursuant to a written plea agreement, to maintaining a common nuisance, a Level 6 felony, and possession of a synthetic drug, as a Class A misdemeanor.

Starcher raises a single issue for our review, namely, whether the trial court abused its discretion when it sentenced him. However, we agree with the State that the plain terms of Starcher's plea agreement demonstrate that he waived his right to appellate review of his sentence. Accordingly, we grant the State's motion to dismiss this appeal.

Dismissed.

## Facts and Procedural History

On June 2, 2015, the State charged Starcher with maintaining a common nuisance, a Level 6 felony; taking a child to a nuisance, as a Class A misdemeanor; possession of paraphernalia, as a Class A misdemeanor; possession of a synthetic drug, as a Class A misdemeanor; and possession of marijuana, as a Class B misdemeanor. Thereafter, Starcher pleaded guilty, pursuant to a written plea agreement, to maintaining a common nuisance, a Level 6 felony, and possession of a synthetic drug, as a Class A misdemeanor. In exchange for his guilty plea, the State agreed to dismiss the remaining charges.

According to Starcher's plea agreement: "As a condition of entering this plea agreement, defendant knowingly and voluntarily agrees to waive the right to appeal the sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences him/her within the terms of this agreement." Appellant's App. at 26. The terms of the agreement left sentencing "open" to the trial court's discretion. *Id.*

[5] At the ensuing guilty plea hearing, Starcher established a factual basis for his plea and the court took the agreement under advisement. Later, at the sentencing hearing, the court formally accepted the plea and sentenced Starcher to two years executed in the Department of Correction. The court then stated that Starcher had "the right to appeal this sentence . . . ." Tr. at 35. This appeal ensued.

## Discussion and Decision

[6] Starcher appeals his two-year sentence. However, we agree with the State that Starcher has waived our review of his sentence.[1]

[7] In *Bonilla v. State*, we explained the law on this issue clearly:

> The Indiana Supreme Court held in *Creech v. State* that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. 887 N.E.2d 73, 75 (Ind. 2008). The Court then analyzed whether, despite the express language of the waiver in Creech's plea agreement, he knowingly and voluntarily waived his right to appellate review of his sentence because the judge advised him *at the close of the sentencing hearing* that he retained the right to appeal. The Court rejected Creech's argument, explaining:
>
>> While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds

---

[1] Prior to the completion of briefing on appeal, the State moved to dismiss the appeal in light of the language of Starcher's plea agreement. We held the State's motion to dismiss in abeyance pending our review of the parties' briefs, in which the parties also included argument on this issue.

for allowing Creech to circumvent the terms of his plea agreement.

Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

\* \* \*

By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 76-77 (footnote omitted).

After *Creech*, this Court decided *Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied*. In *Ricci*, Ricci's plea agreement contained a provision that he knowingly, intelligently, and voluntarily waived his right to appeal or challenge the sentence imposed by the court on the basis that it was erroneous or for any other reason. *At the guilty plea hearing*, however, the trial court advised Ricci that he had the right to appeal his sentence, and neither the prosecutor nor the defense spoke up.

On appeal, this Court distinguished *Creech*:

While it is clear that under *Creech*, a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary,

and intelligent waiver of the right to appeal his sentence, *Creech* does not address how a trial court's misstatements at the plea hearing impact the determination of whether a defendant's waiver was knowing, voluntary, and intelligent. Unlike *Creech*, the trial court here clearly and unambiguously stated at the plea hearing that it read the plea agreement and that, according to its reading of the agreement, Ricci had not surrendered the right to appeal his sentence. Neither the prosecutor nor the defense attorney contradicted this statement. Given these circumstances, we may confidently say that the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and Ricci entered into the plea agreement with the understanding that Ricci retained the right to appeal his sentence. Accordingly, we conclude that paragraph 2V is a nullity, and Ricci has not waived the right to appeal his sentence.

*Ricci*, 894 N.E.2d at 1093-94 (footnotes omitted).

907 N.E.2d 586, 588-89 (Ind. Ct. App. 2009) (emphases added; footnotes omitted), *trans. denied*.

[8]     Starcher's appeal falls squarely within *Creech* and outside *Ricci*. As in *Creech*, here the plain terms of Starcher's plea agreement demonstrate that he knowingly and voluntarily waived his right to appeal his sentence. Further, also as in *Creech*, although the trial court erroneously advised Starcher that he could appeal his sentence that erroneous statement occurred only at the sentencing hearing and after Starcher had received the benefit of his plea agreement. Unlike in *Ricci*, the trial court did not erroneously advise Starcher at the guilty plea hearing that he could appeal his sentence.

[9]     Accordingly, we agree with the State that Starcher has knowingly and intelligently waived his right to appeal his sentence. We also reject Starcher's argument that the record does not demonstrate an effective waiver of his right to appeal his sentence as well as his argument that the State failed to preserve this issue for our review. *See, e.g.*, *Creech*, 887 N.E.2d at 77. Thus, we agree with the State that this appeal must be dismissed.

[10]    Dismissed.

        Bailey, J., and May, J., concur.