## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2017, 10:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James J. Leffler, II, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | October 30, 2017 <br><br> Court of Appeals Case No. 84A01-1702-CR-265 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable David R. Bolk, Judge <br><br> Trial Court Cause No. 84D03-1511-F3-2713 |

**Robb, Judge.**

# Case Summary and Issue

[1] James Leffler II pleaded guilty to dealing in methamphetamine, a Level 4 felony, and the trial court sentenced him to nine years executed in the Indiana Department of Correction. On appeal, Leffler raises two issues for our review. The State cross-appeals arguing Leffler waived his right to appeal his sentence. Concluding Leffler waived his right to appeal his sentence, we dismiss his appeal.

# Facts and Procedural History

[2] In late 2015, Leffler was arrested and charged with dealing in methamphetamine, a Level 3 felony; dealing in methamphetamine, a Level 4 felony; possession of methamphetamine, a Level 6 felony; and two counts of maintaining a common nuisance, a Level 6 felony. The State also alleged Leffler was an habitual offender.

[3] On July 15, 2016, Leffler and the State entered into a written plea agreement pursuant to which Leffler agreed to plead guilty to dealing in methamphetamine, a Level 4 felony, in exchange for the State's dismissal of the remaining charges. Additionally, the plea agreement provided,

> The parties have no agreement regarding sentencing except that such sentence shall not exceed nine (9) years. The parties shall argue sentencing before the Court. The defendant shall waive the right to have any aggravating circumstances to be found beyond a reasonable doubt by a jury and said aggravating circumstances

would be determined by the Judge. . . . The defendant waives the right to appeal the sentence imposed in this matter.

Appellant's Appendix, Volume II at 56. At the guilty plea hearing, the trial court advised Leffler of the various rights he was giving up by pleading guilty, including his right to appeal his sentence. The relevant colloquy went as follows:

[Trial Court]:     You're waiving your right to appeal the sentence imposed in this matter.

* * *

[Trial Court]:     If the case went to trial and you were convicted, you'd have a right to appeal your conviction and any sentence imposed by this Court to a higher court; understand you have this appeal right?

[Leffler]:          Yes sir.

[Trial Court]:     Understand that by entering into this plea agreement, you're giving up your appeal right with both respect to the finding of guilt and any sentence imposed by this Court?

[Leffler]:          Yes.

Transcript, Volume VI at 5-9. The trial court accepted Leffler's plea and entered judgment of conviction. At the sentencing hearing, the trial court sentenced Leffler to nine years in the Department of Correction. The trial court also advised Leffler that "[y]ou have a right to appeal the sentence imposed in

this case Mr. Leffler[,]" and appointed a public defender to represent him.  Tr., Vol. VII at 89.

[4]     Leffler now appeals.

# Discussion and Decision

[5]     We first address the State's cross-appeal.  The State argues Leffler cannot challenge his sentence because he waived his right to do so pursuant to the terms of the plea agreement.  Leffler counters that the plea agreement is ambiguous and notes the trial court advised Leffler of his right to appeal.  We agree with the State.

[6]     Leffler first argues the plea agreement is ambiguous and unenforceable.  The validity and interpretation of a plea agreement is a question of law.  We evaluate questions of law under a de novo standard and owe no deference to the trial court's determinations.  *McCown v. State,* 890 N.E.2d 752, 756 (Ind. Ct. App. 2008).

[7]     As noted above, the plea agreement provides,

> The parties have no agreement regarding sentencing except that such sentence shall not exceed nine (9) years.  The parties shall argue sentencing before the Court.  The defendant shall waive the right to have any aggravating circumstances to be found beyond a reasonable doubt by a jury and said aggravating circumstances would be determined by the Judge. . . .  The defendant waives the right to appeal the sentence imposed in this matter.

Appellant's App., Vol. II at 56. Leffler alleges the first sentence, which states the parties "have no agreement regarding sentencing[,]" conflicts with the remaining provisions of the paragraph stating Leffler waives certain rights. Contrary to Leffler's argument, the first sentence of the paragraph only refers to the parties' agreement that the trial court will determine the sentence imposed, and that the trial court's sentence may not exceed nine years. The agreement unambiguously waives Leffler's right to appeal.

[8] Leffler also asserts the trial court advised him he may appeal his sentence. In *Creech v. State*, the defendant executed a plea agreement in which sentencing was left to the discretion of the trial judge, subject to a cap of six years executed. 887 N.E.2d 73, 74 (Ind. 2008). The agreement further provided, "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." *Id*. The court imposed a six-year sentence. On appeal, the defendant sought to challenge the appropriateness of his sentence. Our supreme court concluded the "express language" of the plea agreement established a valid waiver of the defendant's right to appeal his sentence. *Id.* at 76. Further, although the trial judge erroneously advised the defendant at the end of the sentencing hearing that he had a right to appeal, our supreme court concluded the advisement had no effect on his plea because "[the

defendant] had already pled guilty and received the benefit of his bargain." *Id.* at 77.[1]

[9] Here, Leffler executed a valid waiver of his right to appeal his sentence and the trial court advised him that he was waiving this right at the guilty plea hearing. Leffler answered in the affirmative that he understood he was forfeiting his right to appeal his sentence. Further, as in *Creech*, the trial court's mistaken advisement that Leffler had the right to an appeal occurred after Leffler had pleaded guilty and had received the benefit of his bargain. We conclude Leffler has waived his right to appeal his sentence and grant the State's cross-appeal for dismissal of the appeal. *See Starcher v. State*, 66 N.E.3d 621, 623 (Ind. Ct. App. 2016) (enforcing written waiver of right to appeal sentence despite trial court's erroneous advisement at sentencing that defendant had a right to appeal), *trans. denied*.

# Conclusion

[10] For the reasons stated above, we dismiss Leffler's appeal.

[11] Appeal dismissed.

Riley, J., and Pyle, J., concur.

---

[1] As our supreme court stated in *Creech*, "we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy." 887 N.E.2d at 76.