**The NEMOURS FOUNDATION**

v.

**MANGANARO CORPORATION, NEW ENGLAND, Appellant.**

**No. 88–3305.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6), May 26, 1989.

Opinion filed May 31, 1989.

David A. Jenkins, Lassen, Smith, Katzenstein & Furlow, Wilmington, Del., Sally A. Corwin, Corwin and Corwin, Boston, Mass., for appellant.

James D. Crawford, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

Before HIGGINBOTHAM, SLOVITER, and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

This case is before us on a motion by the appellee, The Nemours Foundation (Nemours), to dismiss an appeal taken by Manganaro Corporation from an order of the district court sitting in diversity which certified two questions of state law to the Delaware Supreme Court. This presents a question which, as far as we can tell, is one of first impression in the courts of appeals.

In the underlying litigation Nemours sued Manganaro, who was a subcontractor on Nemours' hospital construction project, seeking to recover damages stemming from delays in the construction. Nemours asserts that it can bring the suit under Delaware law as a third-party beneficiary of the contract between Manganaro and the prime contractor or, alternatively, that Manganaro is liable to it in tort for economic damages.

Under Rule 41 of the Delaware Supreme Court, the United States District Court for the District of Delaware may "certify to this Court ... a question of law arising in any case before it prior to the entry of final judgment if there is an important and urgent reason for an immediate determination of such question by this Court." Del. Sup.Ct.R. 41(a). Nemours sought certification of state law questions which it argued were unsettled and would be dispositive of its ability to recover on the theories described above. On May 5, 1989, the district court certified the following questions to the Delaware Supreme Court:

1. Does the incorporation of Article 1.1.2 of the General Conditions of the Contract for Construction (AIA Document A201–1976 Edition) into a subcontract preclude an owner of a construction project from being an intended third party beneficiary of the subcontract;

2. Can a plaintiff not in privity with the defendant maintain a negligence action against the defendant for the recovery of costs incurred as a result of completing or correcting the defendant's work?

In a previous similar suit brought by Nemours against its prime contractor and a different subcontractor, this court was required to predict Delaware law as to these same questions, and we answered them adversely to Nemours' position. See *Pierce Assocs., Inc. v. Nemours Foundation*, 865 F.2d 530 (3d Cir.1988), *petition for cert. filed*, 57 U.S.L.W. 3755 (U.S. May 4, 1989) (88–1790). We held, by a divided vote, that Nemours could not maintain a breach of contract action under Delaware law against the subcontractor on a third-party beneficiary theory, *id.* at 535–39, and held unanimously that it could not recover under Delaware law in negligence for economic loss, absent privity of contract, *id.* at 539–41.

Manganaro appeals the district court's certification order on the ground that the district court was bound to follow the Third Circuit's prediction of Delaware law under principles of *stare decisis* and collateral estoppel. Nemours has filed a motion to dismiss the appeal on two grounds. Nemours argues that the order appealed from is not appealable and also that it is moot since the questions have already been certified by the district court. We do not reach the mootness issue for we agree with Nemours that we have no jurisdiction over Manganaro's appeal. Because the question of the appealability of a district order certifying questions to a state supreme court is one of first impression, we write to explain our reasons for dismissing the appeal.

## II.

The proposition that an appeal can ordinarily be taken only from a final order under 28 U.S.C. § 1291 needs no citation. The certification order is patently interlocutory as it is merely a preliminary phase in an ongoing matter. Once the Delaware Supreme Court acts on the certification request, the district court proceedings on the merits will continue.

None of the statutory exceptions making interlocutory orders appealable are applicable here. This is not an order involving injunctive relief within the provisions of 28 U.S.C. § 1292(a)(1) nor was it certified for immediate appeal by the district court as involving controlling questions of law under 28 U.S.C. § 1292(b). Therefore, the order is only appealable at this stage of the litigation if it can be construed as final under the gloss that the collateral order doctrine places on the concept of finality. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

This doctrine provides that collateral orders which "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment" may be appealed under § 1291. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). As the Supreme Court has cautioned, the collateral order doctrine must be narrowly applied to avoid the evil of piecemeal litigation. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

We need not discuss the first and third prerequisites for the collateral order doctrine because we conclude that the second requirement, that the order resolve an "important" issue "completely separate" from the merits, is not met in this case. This court recently relied on the "completely separate from the merits" factor in *Demenus v. Tinton 35 Inc.*, 873 F.2d 50, 52–53 (3d Cir.1989), holding that an order discharging notice of *lis pendens* is not a collateral order. We explained that the necessary

inquiry would thrust this court into the merits of the dispute because the order at issue was based on the district court's determination that plaintiffs failed to demonstrate probable success on the merits of their claim.

In this case, before deciding to certify the questions to the Delaware Supreme Court, the district court had to review Delaware tort and contract law to determine if, for example, the questions of law are of first instance in that state. *See* Del. Sup.Ct. Rule 41(b). The status of Delaware law on these issues is a significant and probably the determinative legal issue in the underlying litigation. The decision to certify is no less related to the merits because this court has already made a prediction as to Delaware law in *Pierce* which the district court, in the absence of later elucidation by Delaware, would be bound to follow.

In *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 1952–53, 100 L.Ed.2d 517 (1988), the Supreme Court recently had occasion to consider the "completely separate from the merits" requirement. In holding that the denial of a motion to dismiss on the ground of *forum non conveniens* was not appealable as a collateral order because it was not separate from the merits, the Court stated that, "[a]llowing appeals from interlocutory orders that involve considerations enmeshed in the merits of the dispute would waste judicial resources by requiring repetitive appellate review of substantive questions in the case." *Id.*, 108 S.Ct. at 1952.

We do not underestimate the importance of this issue to Manganaro. But the type of "important issue[s]" that the "completely separate from the merits" requirement encompasses are those that are important in a jurisprudential sense. Thus, Justice Scalia, in concurring in the Court's recent opinion in *Lauro Lines S.R.L. v. Chasser*, —— U.S. ——, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (holding that the denial of a motion to dismiss on the basis of a contractual forum selection clause was not a collateral order), stated that the right to have a forum selection clause applied "is not sufficiently important to overcome the poli-

cies militating against interlocutory appeals." *Lauro Lines,* —— U.S. at ——, 109 S.Ct. at 1978 (Scalia, J., concurring). By the same token, Manganaro's objection to having the Delaware Supreme Court provide guidance in determining unsettled questions of state law is not important enough in a jurisprudential sense to require an immediate interlocutory appeal. Patently that court is the final arbiter of that state's law.

Manganaro argues with some initial plausibility that a certification order is a species of abstention, and that therefore it is an appealable order under the precedent of *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 8–13, 103 S.Ct. 927, 932–936, 74 L.Ed.2d 765 (1983). On analysis, however, Manganaro's argument must fail. In *Moses H. Cone,* the Court held that an order of the district court staying federal proceedings brought to compel arbitration until the completion of the parallel state court proceedings was effectively final because the order had the effect of terminating the litigation in the federal forum. Likewise, the Court also held that the order fit within the collateral order doctrine because, as Justice Brennan stated, "[a]n order that amounts to a refusal to adjudicate the merits plainly presents an important issue separate from the merits." *Id.* at 12, 103 S.Ct. at 935.

Manganaro analogizes the certification to a refusal to adjudicate the merits. The analogy is not apt, however, because the certification order does not mean the effective end of the federal litigation. Further proceedings, including possibly a trial on the merits, will be held in the district court after the Delaware Supreme Court either answers the certified questions or declines to accept them. Therefore, Manganaro's argument that a certification order is a species of abstention and therefore appealable is unpersuasive.

### III.

For the foregoing reasons, we will grant the motion to dismiss the appeal.