# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-1280

JOHNNIE BROWN,

*Plaintiff-Appellant,*

v.

ARGOSY GAMING COMPANY, L.P.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 02 C 209—**Sarah Evans Barker**, *Judge.*

_____

ARGUED SEPTEMBER 15, 2003—DECIDED MARCH 8, 2004

_____

Before POSNER, KANNE, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* The plaintiff-appellant Johnnie Brown filed suit in the district court of the Southern District of Indiana, claiming that the defendant-appellant Argosy Casino ("Casino") acted negligently by refusing to bar her husband from gambling at the Casino after Ms. Brown requested that Argosy do so to prevent further emotional and financial harm to the family. Brown initially sought injunctive relief and damages and, a few days after filing the complaint, she filed a motion to certify to the Indiana Supreme Court the state law question raised by her complaint. In response, Argosy filed a motion to dismiss and

in opposition to the motion to certify. The district court judge granted the motion to dismiss without prejudice and denied Brown's motion to certify and her motion for preliminary injunctive relief. Brown appeals only the denial of the motion to certify the following question to the Indiana Supreme Court:

> Whether a wife has a cause of action against a casino where a husband is a compulsive gambler, where the husband has incurred substantial gambling losses, which occurred after the wife made a request to the casino to bar her husband and which has resulted in serious emotional and financial distress to the family.

This case presents a serious jurisdictional problem. Although both the appellant and the appellee assert in their jurisdictional statements that this court has jurisdiction of the case pursuant to 28 U.S.C. § 1291[1] and that the entry of judgment is a final order disposing of all of the claims of the parties, we have reason to doubt that this is so. The district court below granted Argosy's motion to dismiss without prejudice.[2] An order dismissing a suit without prejudice is

---

[1]  "The courts of appeals . . .shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291.

[2]  In its Entry Denying Plaintiff's Motion to Certify Question of State Law to the Indiana Supreme Court, Denying Plaintiff's Motion for Preliminary Injunction, and Granting Defendant's Motion to Dismiss ("District Court Order"), the district court judge states very clearly three times that Argosy's Motion to Dismiss is granted without prejudice. *Brown v. Argosy Casino*, No. 02-CV-0209, 2003 WL 133266, at *1, 3 (S.D. Ind. Jan. 10, 2003). In the Judgment signed by the district court judge on the same date, however, she states that "Summary judgment is granted in favor of Defendant Argosy Gaming Company, L.P." (R. at 29). This announcement of her judgment is clearly a misstatement as there

(continued...)

ordinarily not a final, appealable order. *See Muzikowski v. Paramount Pictures Corp.*, *SFX*, 322 F.3d 918, 923 (7th Cir. 2003). Although there are exceptions to this rule when, for example, there is no amendment that the plaintiff could make to save the complaint, *see id.*; *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002), Brown has not presented us with any such argument and we are hesitant to declare that there is nothing Brown can do to salvage her complaint without first giving her the opportunity to argue the issue one way or the other. Thus we are left with a non-final, non-appealable judgment from the district court.

This conclusion, however, does not quite end the story. In addition to granting the motion to dismiss without pre-judice, the district court below also denied Brown's motion for preliminary injunctive relief. Pursuant to 28 U.S.C. § 1292(a)(1), the court of appeals has jurisdiction over interlocutory orders of the district courts refusing an injunction and therefore we might have jurisdiction of this appeal were Brown appealing the denial of her preliminary injunction. Brown's statement of the issue presented for review in this court and the content of her brief on appeal, however, make clear that she is appealing only the district court's denial of the motion to certify, and not the denial of the preliminary injunction.[3] In addition, Brown's jurisdic-

---

(...continued)

were no motions for summary judgment ever filed in this case. We assume the Judgment meant to declare that the Defendant Argosy Gaming Company's motion to dismiss was granted without prejudice.

[3] We note that Brown's notice of appeal, filed in the district court on February 3, 2003, does in fact state that she is appealing the district court's judgment "denying Plaintiff's Motion to Certify Question of State Law to the Indiana Supreme Court, denying Plaintiff's Motion for Preliminary Injunction and granting

(continued...)

tional statement proclaims that this court has jurisdiction pursuant to 28 U.S.C. § 1291 (jurisdiction over final orders) and not § 1292 (jurisdiction over injunctive orders). It is clear that Brown is not challenging the denial of her preliminary injunction at all.

Consequently, we are left without an appeal of any final order. It appears that Brown's position is that the refusal to certify a question to a state supreme court is in and of itself an appealable order. But we do not think this can be so. More than a decade ago, the Third Circuit considered this matter of first impression and determined that a certification order is patently interlocutory (and therefore unappealable) as it is merely a preliminary step in an ongoing matter. *Nemours Found. v. Manganaro Corp., New Eng.*, 878 F.2d 98, 100 (3d Cir. 1989); *see also* 17A Wright & Miller, Federal Practice and Procedure ¶ 4248 (Supp. 2003). In *Nemours*, the Third Circuit held that it did not have jurisdiction to consider the appeal of a district court order certifying a question to a state supreme court. *Id.* at 99. Admittedly that case differs from the instant one in that the district court granted the certification motion. Here, certification has been denied. Intuitively, it is easier to identify the interlocutory nature of an order granting a motion to certify than one denying such a motion; once a motion to certify is granted and the state supreme court accepts the certification, the litigants will take whatever answer they receive from a state supreme court back to the federal district court to resolve the issues in the ongoing federal dispute. Consequently an order to certify is not a decision "that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

---

(...continued)
Defendant's Motion to Dismiss." (R. at 30). Nevertheless, her brief on appeal makes clear that she has abandoned all but the judgment denying the motion to certify.

*Catlin v. United States*, 324 U.S. 229, 233 (1945). To the contrary, it is one that merely gives pause to the ongoing proceedings to resolve one issue in a larger, ongoing dispute—precisely the definition of an interlocutory order.

Furthermore, as the Third Circuit noted, certification is not among the statutory exceptions making interlocutory orders appealable in 28 U.S.C. § 1292. *Nemours Found.*, 878 F.2d at 100. Nor does it fall within the "collateral order" exception first articulated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949) and expounded upon in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). To fall within that exception, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 467.

Like the certification order in *Nemours*, the order denying certification in this case does not conclusively determine the disputed question that brought these parties before the district court—that is whether Argosy acted negligently by refusing to bar Brown's husband from gambling at the Casino. Nor does it resolve an important issue completely separate from the merits of the action. As the *Nemours* court concluded, the decision to grant or deny certification necessarily embroils a district court in some determination of the merits of the dispute.[4] *Nemours Found.*, 878 F.2d at 100. The court must determine whether the issue is one of first impression, whether there is uncertainty in the law of the state, whether it can accurately predict what the state

---

[4] For this reason alone it is somewhat odd to have an appeal of a motion to certify a question to a state supreme court without an appeal of the underlying motion to dismiss or denial of injunctive relief. Certification is meaningless without a viable cause of action in which to use the answer received from the state supreme court.

supreme court might do, whether resolution of the question will dispose of the case on the merits, and whether the state supreme court will consider the question to be important to the growth of the state's jurisprudence. *See State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 671-72 (7th Cir. 2001). All of these inquiries require some level of assessment of the merits of the claim. For example, in this case, the district court, in evaluating the propriety of certification, determined that Brown's reliance on dram shop liability cases was too great a leap to justify imposing on the scarce resources of the Indiana Supreme Court. *Brown*, 2003 WL 133266, at *2, n.1. It also noted its agreement with another district court's determination that the Indiana courts have never recognized a common law duty to evict compulsive gamblers. *Id.*

The certification order will be effectively reviewable when and if the district court issues a final order on the motion to dismiss. Requiring litigants to appeal their claims as a package prevents "the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974). The litigant whose motion to certify has been denied may appeal the denial of the motion along with the remainder of the final order or may, in its initial brief on appeal, ask this court directly to certify the question pursuant to Rule 52 of the Rules of the United States Court of Appeals for the Seventh Circuit. Without a final order or an order that falls within one of the exceptions to the jurisdictional bar on interlocutory orders, however, our hands are tied.

For this reason we DISMISS the appeal for lack of jurisdiction.

A true Copy:

    Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*