UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided February 1, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1959

|  |  |
|---|---|
| HUMBERTO PACHECO, <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> HARLEY G. LAPPIN, Director, <br> Bureau of Prisons, et al., <br>     *Defendants-Appellees.* | Appeal from the United States <br>   District Court for the <br>   Western District of Wisconsin. <br><br> No. 05-C-141-C <br><br> **Barbara B. Crabb**, *Chief Judge.* |

**O R D E R**

Humberto Pacheco, a federal inmate of Mexican descent, sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1361 (the federal mandamus statute) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) to obtain an order directing prison officials at the Bureau of Prisons (BOP) to enter him

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

in a prison-run program to treat substance abuse. After screening under 28 U.S.C. § 1915(e)(2), the district court dismissed all claims in the complaint, but it ruled that because an amendment was possible, the dismissal of Pacheco's equal protection claim was "without prejudice." Because Pacheco adequately alleged an equal protection claim, we remand for further proceedings on this claim only.

Congress has required that the BOP provide a substance-abuse treatment program for prisoners who the BOP in its discretion determines are eligible. 18 U.S.C. § 3621(e). The BOP also has discretion to reduce a prisoner's sentence by up to one year if the prisoner completes the program. See § 3621(e)(2)(B). The warden of the federal prison in Oxford, Wisconsin, where Pacheco is an inmate, determined that Pacheco was not eligible for the program because he did not have sufficient written verification of a substance-abuse disorder during the 12 months prior to his incarceration.

Pacheco filed a petition for *habeas corpus* under 28 U.S.C. § 2241 in the district court, in which he requested the relief he seeks here. On January 10, 2005, the district court dismissed that action without prejudice, and Pacheco did not appeal that dismissal. Instead, he filed this second action requesting a writ of mandamus and claiming, under *Bivens*, that the BOP violated his constitutional due process rights when it prevented him from entering the program and his equal protection rights when it allowed similarly situated white prisoners into the program, but not him.

The district court dismissed the complaint on March 30, 2005, entering a judgment of dismissal the next day. It explained that the BOP's decision was not subject to mandamus, and that access to a prison program is not a liberty interest subject to due process protection. The district court also stated that the white prisoner that Pacheco identified was not admitted to the program until the BOP reconsidered his eligibility after he pursued a Freedom of Information Act (FOIA) request for his intake records. The court ruled that Pacheco was not similarly situated to the white prisoner because Pacheco had not yet received a response to his FOIA request, and so the court dismissed the claim without prejudice to allow Pacheco to amend once he received his FOIA response.

As a preliminary matter, we must determine whether we have jurisdiction over this appeal. *Paganis v. Blonstein*, 3 F.3d 1067, 1069 (7th Cir. 1993). The March 31, 2005, judgment stated only that "[t]his case is dismissed against respondents." When a judgment does not specify otherwise, it is considered final and with prejudice. *Id.* at 1071. But this conflicts with the district court's March 30 order dismissing the "equal protection claim against respondents *without prejudice*" (emphasis added) to an amendment alleging completion of the FOIA process. Ordinarily, dismissals without prejudice are not final or appealable. *Brown v. Argosy Gaming Co.*, 360 F.3d 703, 704-05 (7th Cir. 2004). But "[w]hen the district court's resolution looks both ways, the only

safe route is to treat it as final." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Because the district court sent conflicting signals, we treat the judgment as one with prejudice, and we therefore have jurisdiction over this appeal.

On appeal, Pacheco argues that the BOP denied him equal protection when it refused to admit him to the program on the ground that he lacked sufficient documentation, while it accepted white prisoners who had even less documentation. To show an equal protection violation, a plaintiff need only allege that he is a member of a protected class, and that state actors treated members of his class differently than people not in the class but who are similarly situated. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Pacheco went beyond these bare-bones allegations; he identified a particular white inmate who was allowed into the program with less documentation. The district court believed that because the white inmate had received a response to a FOIA request and Pacheco had not yet, the two inmates were not similarly situated.

The district court was mistaken to think that this difference was enough to doom Pacheco's complaint at the pleading stage. Pacheco's complaint needed only to give the defendants notice that he was asserting that their decision was motivated by racial or national origin discrimination; he was not required to identify all possible similarly situated inmates. See *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."). Pacheco never alleged that the inmate he identified was the only one who was similarly situated. In fact, his appellate brief elaborates on his complaint by stating that the BOP allowed "numerous white inmates" into the program with less documentation, and he goes on to identify several of them by name. Although "[l]itigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail," *id*. at 519, the facts in Pacheco's complaint do not suggest that he is relying only on the single inmate. Accordingly, the equal protection claim should not have been dismissed.

The district court was correct, however, to dismiss Pacheco's remaining claims. Pacheco alleged that the BOP abused its discretion when it determined that he was not eligible for the substance-abuse program. Mandamus relief is available only if the defendant owes the plaintiff a nondiscretionary duty. *Michael Reese Hosp. and Med. Ctr. v. Thompson*, 427 F.3d 436, 441 (7th Cir. 2005). Congress gave the BOP discretion to determine which prisoners have substance abuse problems, 18 U.S.C. § 3621(e)(5)(B)(i), which rules out mandamus here. Likewise, it is not inevitable that Pacheco would have completed the rehabilitation program successfully, nor would the BOP necessarily exercise its discretion to grant Pacheco an early release even assuming successful completion. Thus, denying him the opportunity to be considered for early release "does not inevitably affect the duration of his sentence, and does not deprive him of constitutional guarantees." *Zimmerman v. Tribble*, 226 F.3d 568, 572

(7th Cir. 2000) (internal quotation marks omitted); see also *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005).

Therefore, we VACATE and REMAND the equal protection claim for further proceedings, and AFFIRM the district court's dismissal of the petition for a writ of mandamus and the due process claim. Each party shall bear its own costs on appeal.