**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2217
_____

In re: MD Helicopters, Inc.; Monterrey Aerospace, LLC,
Debtors

The State of the Netherlands,
Appellant

_____

On Appeal from the United States District Court for the
District of Delaware
(District Court No. 1:22-cv-00702; 1:22-cv-00828)
District Court Judge: Hon. Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2023

(Filed May 2, 2023)

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

The Netherlands, creditor in the bankruptcy case of MD Helicopters, Inc., et al. ("MDHI"), appeals the District Court's denial of a motion to certify a question to the Arizona Supreme Court. We conclude that the District Court's denial of the motion was a non-final order and, because federal appellate courts have limited authority to review non-final orders, and no exception applies here which would allow us to sidestep this limitation, we do not have jurisdiction to hear the appeal. Thus, we will grant MDHI's motion to dismiss for lack of jurisdiction.

I.

In 2008 and 2009, the National Police Services Agency of the Netherlands obtained two judgments against MDHI. The judgments were later assigned to the Netherlands, which domesticated the judgment in Arizona in 2018.

When MDHI filed for voluntary Chapter 11 bankruptcy in 2022 in Delaware, the Netherlands asserted that its lien was valid against the Debtors' leasehold interest in, and improvements to, a facility that MDHI operated at its headquarters in Mesa, Arizona, where the Netherlands' judgment was recorded. However, the Bankruptcy Court determined that, under a plain reading of the Arizona Judgment Lien Statute, Ariz. Rev. Stat. § 33-961, the judgment lien was valid only against *real property*, and not against a leasehold interest, which constitutes *personal property* for the purposes of the statute. ("Phase One Order"). Thus, the Netherlands' lien did not attach to the leasehold. The Netherlands filed an appeal of the Phase One Order and sought a stay, which the Bankruptcy Court denied. Thereafter, the Bankruptcy Court approved of the sale of all

2

Mesa, Arizona, property, free and clear of the Netherlands' asserted lien ("Sale Order"). The Netherlands filed a separate notice of appeal of the Sale Order and sought a stay.

In its appeal of the Phase One Order, the Netherlands asked the District Court to stay the appeal and, for the first time, to certify a question of state law to the Arizona Supreme Court. The Netherlands urged that the Arizona Judgment Lien Statute is unclear as to whether a judgment lien may attach to a leasehold interest or improvements thereupon, and that therefore, certification was warranted.

The District Court denied the stay motion and declined to certify the question. In denying the certification motion, the District Court not only indicated that the statute was clear, as the Bankruptcy Court had determined, but also explained that, even if the question were certified and resolved in favor of the Netherlands, it would not control the outcome because there were remaining issues (termed the "Phase One" and "Phase Two" issues) that would still need to be decided.

The Netherlands filed this appeal of the District Court's denial of the motion to certify. The appeals of the Phase One Order (the remaining issues), and of the Sale Order remain in the District Court, pending resolution of this certification appeal. Before us now is the single issue of the propriety of the District Court's denial of the certification motion. But MDHI has filed a motion to dismiss the Netherlands' appeal of that order, urging that it was not a final order. We will grant that motion.

II.

Under 28 U.S.C. § 158(d)(1), this Court "ha[s] jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by a district court in an appeal

3

from a bankruptcy court. But the only order on appeal now is the order of the District Court denying the motion to certify a question to the Arizona Supreme Court. This is not a final order. Admittedly, in the bankruptcy context, the rules of finality are afforded more flexibility. Nonetheless, we agree with the debtor-appellees, who urge that this is not an appeal of a final order, and point to our reasoning in *Nemours Found. v. Manganaro Corp., New Eng.*, 878 F.2d 98 (3d Cir. 1989). There, we dismissed an appeal of an order granting certification to a state supreme court, holding that a "certification order is patently interlocutory as it is merely a preliminary phase in an ongoing matter. Once the [state supreme court] acts on the certification request, the district court proceedings on the merits will continue." *Id.* at 100. The Seventh Circuit reached the same conclusion in *Brown v. Argosy Gaming Co, L.P.*, 360 F.3d 703, 705 (7th Cir. 2004), where the district court had, as here, denied a certification motion.

Whether granted or denied, a certification motion remains a preliminary matter. As the District Court noted, its ruling regarding the certification addressed only one issue in the appeal before it, with the other issues presented in the appeal of the Phase One Order and the Sale Order yet to be resolved. The certification ruling of the District Court is a classic interlocutory non-final order,[1] and except in rare cases, we must avoid the

---

[1] The Netherlands also urges that we have jurisdiction under the collateral order doctrine. But in order for the collateral order doctrine to apply, an order must, inter alia, "conclusively determine the disputed question." *N.J., Dep't of Treasury, Div. of Inv. v. Fuld*, 604 F.3d 816, 819 (3d Cir. 2010) (cleaned up). Here, for reasons we've already discussed, we agree with the District Court that even an answer from the Arizona Supreme Court favorable to the Netherlands, regarding possible readings of the statute, would not put an end to the issue for, as the District Court pointed out, "an Arizona Supreme Court decision on the certified question would not resolve the Netherlands'

"debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974). And what was true in *Brown*, is true here, as well: "The certification order will be effectively reviewable when and if the district court issues a final order." 360 F.3d at 706.

## III.

Because we lack jurisdiction to hear the appeal, we will grant the Motion to Dismiss.

---

entitlements under the Bankruptcy Code." *In re MD Helicopters, Inc.*, 641 B.R. 96, 105 (D. Del. 2022).

Nor can we exercise pendent appellate jurisdiction over the certification denial. We only have one order before us, so this non-final order cannot be "so inextricably intertwined" with another "appealable issue." *Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d Cir. 2014) (quotation marks and citation omitted). We also cannot certify the question ourselves, because when we otherwise lack authority to hear an appeal, we "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). Without appellate jurisdiction, we can no more certify the question ourselves than we can hear the case on the merits.